UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA CHASE, on behalf of herself and all others similarly situated,<br><br>                              Plaintiff,<br><br>v.<br><br>HOBBY LOBBY STORES, INC., an Oklahoma corporation, and DOES 1 through 50, inclusive,,<br><br>                          Defendants. | Case No.: 17-cv-00881-GPC-BLM<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS AND DENYING MOTION TO STRIKE**<br>[Dkt No. 8] |

Presently before the Court is a motion to dismiss Plaintiff Christina Chase's Complaint filed by Defendant Hobby Lobby Stores, Inc. ("Hobby Lobby") on July 18, 2017. Dkt. No. 8. Plaintiff filed an opposition on August 11, 2017 and Defendant filed its reply on August 25, 2017. Dkt. Nos. 11-12. Pursuant to Civil Local Rule 7.1(d)(1), the Court finds the matter suitable for adjudication without oral argument. For the reasons set forth below, the Court **GRANTS** Defendant's motion to dismiss in part and **DENIES** the motion in part with leave to amend, and **DENIES** the Defendant's Motion to Strike.

//

//

1

# I.    BACKGROUND

Plaintiff, a resident of California, brings this action on behalf of herself and others similarly situated against Defendant Hobby Lobby, a resident of Oklahoma, under the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d)(2).  Defendant operates Hobby Lobby retail stores and the hobbylobby.com website and advertises, markets, distributes, and sells home décor, arts, crafts, hobby supplies, and other accessories in California and throughout the United States.  Compl. ¶ 20.

In the Complaint (Dkt. No. 1, "Compl."), Plaintiff alleges that Hobby Lobby is engaging in the unlawful business practice of advertising fictitious prices and phantom discounts by referencing a fake "Marked" price, that is then offered for sale at a deeper "discounted" price.  Compl. ¶ 1.  Plaintiff alleges that the "Marked" price on Hobby Lobby's merchandise is a "total fiction" because the merchandise is never offered for sale, nor actually sold at the represented "Marked" price.  *Id.* ¶¶ 4-5.

On or around March 1, 2017, Plaintiff purchased a 5"x 7" Green Tree Gallery Shadow Box Display Case Photo Frame ("Photo Frame") for approximately $8.99 at a Hobby Lobby retail store at 8810 Grossmont Boulevard, La Mesa, California 91942.  *Id.* ¶ 13.  Chase purchased the Photo Frame after walking down an aisle lined with photo frames.  *Id.* ¶ 14.  The back of the Photo Frame had a white price tag sticker in black print that listed the "Marked" price as $17.99.  *Id.*; Compl. Ex. A.  Amongst the other photo frames was a prominently displayed white placard approximately 8"x11" in size that stated "Photo Frames 50% OFF the Marked price."  Compl. ¶ 14; Compl. Ex. B.  After examining the "Marked" price of $17.99, Plaintiff asserts that she believed the Photo Frame had been previously sold for $17.99 at Hobby Lobby and that she was purchasing a Photo Frame with significant value above the $8.99 purchase price.  Compl. ¶ 15.  Plaintiff contends that this product was never offered for sale at the $17.99 price, and that this product was never offered for sale or sold at that price within the 90-day period preceding her purchase.  *Id.* ¶¶ 16, 32.

Plaintiff also purchased a Master's Touch Fine Art Studio Oil, Acrylic & Watercolor Golden Taklon Chisel Blender Series 7050 Size 4 (the "Paintbrush") for approximately $2.34 that day. *Id.* ¶¶ 17-18. The Paintbrush had a white price tag with black print, approximately 2"x1 1/2" in size listing "$4.69." Compl. ¶ 17; Compl. Ex. C In the art supply aisle, displayed prominently on a shelf, was a white placard with red and black print, approximately 8" x 11" in size that stated "Art Supplies 50% OFF the Marked price" in bold print. Compl. ¶ 17. Based on these price tags, Plaintiff believed the Paintbrush had been previously sold for $4.69 at Hobby Lobby. *Id.* ¶ 18. Plaintiff believed she was purchasing a Paintbrush that had a value significantly higher than the $2.34 purchase price. *Id.* ¶ 18. Plaintiff asserts that this Paintbrush was never offered for sale or sold at the $4.69 price, and that the Paintbrush was not offered for sale or sold at the price within the 90-day period preceding Plaintiff's purchase. *Id.* ¶ 19.

Plaintiff's Complaint alleges three causes of action: (1) Violation of California's Unfair Competition Law ("UCL") pursuant to California Business and Professions Code Section 17200, *et seq.*; (2) Violation of California's False Advertising Law pursuant to California Business and Professions Code Section 17500, *et seq.*; (3) Violation of California's Consumers Legal Remedies Act ("CLRA") pursuant to California Civil Code Section 1750, *et seq. Id.* ¶¶ 50-78.

Plaintiff's Complaint seeks: (1) an order certifying the Class and designating Christina Chase as the Class Representative and her counsel as Class Counsel; (2) damages for Plaintiff and proposed class members; (3) restitution and disgorgement of profits and unjust enrichment Hobby Lobby retained from Plaintiff and class members; (4) declaratory and injunctive relief including enjoining Hobby Lobby from continuing the alleged unlawful practices; (5) order directing Hobby Lobby to engage in a corrective advertising campaign; (6) attorney's fees and costs. *Id.* ¶ 79.

## II.    LEGAL STANDARD

### a.    12(b)(1)

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a defendant may seek to dismiss a complaint for lack of jurisdiction over the subject matter.  The federal court is one of limited jurisdiction.  *See Gould v. Mutual Life Ins. Co. v. New York*, 790 F.2d 769, 774 (9th Cir. 1986).  As such, it cannot reach the merits of any dispute until it confirms its own subject matter jurisdiction.  *See Steel Co. v. Citizens for a Better Environ.*, 523 U.S. 83, 95 (1998).  Plaintiff, as the party seeking to invoke jurisdiction, has the burden of establishing that jurisdiction exists.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  A case that lacks Article III standing must be dismissed for a lack of subject matter jurisdiction.  *See Maya v. Centex Corp.*, 658 F.3d 1060, 1066-67 (9th Cir. 2001).  Since standing is essential to a federal court's subject matter jurisdiction, the issue of standing is properly raised in a Rule 12(b)(1) motion to dismiss.  *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).

### b.    12(b)(6)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory."  *Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  While a plaintiff need not give "detailed factual allegations," a plaintiff must plead sufficient facts that, if true, "raise a right to relief above the speculative level."  *Id.* at 545.  "[F]or a complaint to survive a motion to dismiss, the non–conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."  *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

4

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). Legal conclusions, however, need not be taken as true merely because they are cast in the form of factual allegations. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003); *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Mktg. Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998).

## III. DISCUSSION

Defendant moves to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). Dkt. No. 8 ("MTD").

### a. Extrinsic Evidence and Judicial Notice

The district court may, but is not required to incorporate by reference documents outside of the pleadings. *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1159 (9th Cir. 2012). The Court "may consider material which is properly submitted as part of the complaint on a motion to dismiss without converting the motion to dismiss into a motion for summary judgment." *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001) (internal citation omitted). The Court may take judicial notice of documents alleged in the complaint, but not attached to the complaint, when the authenticity of the documents is not in dispute. *See, e.g.*, *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) ("[D]ocuments whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached the pleading, may be considered in ruling on a . . . motion to dismiss.").

The Court must analyze whether Defendant's extrinsic evidence can be considered at the Motion to Dismiss stage. Defendant has submitted the Declaration of Theresa

5

Webster and Exhibits portraying what Defendant asserts to be relevant advertising templates for the Paintbrush and Photo Frame (Webster Decl., Exs. A-B), and templates for what Defendant asserts are for categories of "Sale," "Clearance" and "Non-Discounted" items. (Webster Decl., Exs. C-E). In this case, it is "beyond dispute" that the Complaint alleges that the Photo Frame advertisement Ms. Chase viewed was misleading and thus is central to the Complaint's claims. *See Davis*, 691 F.3d at 1160. Further, Plaintiff has raised no authenticity objections with regard to Exhibit B. *See generally* Opposition to Motion to Dismiss ("Opp.") at 5-6. Accordingly, the Court finds that Exhibit B[1] (Advertisement Template for Photo Frames) is incorporated by reference because it is a clearer picture of an exhibit attached to the complaint that forms the basis of Plaintiff's claims. *See Branch*, 14 F.3d at 454.

However, Defendant's other requests go beyond the scope of the Complaint and introduce new evidence when the Court must, at the motion to dismiss stage, accept the facts pleaded in the Complaint as true. *See Hal Roach Studios v. Richard Feiner and Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1989) (stating that generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion). Exhibits C, D, and E are Advertisements for "Sale," "Clearance," and "Non-Discounted" items that involve topics outside the scope of what is alleged in the pleadings. Furthermore, the Court will not at this stage take into consideration the factual contentions of the Webster Declaration, which asserts premises regarding Hobby Lobby's pricing and advertising strategy that are outside the scope of the pleadings. *See* Motions to Dismiss (Rule 12(b)), Cal. Prac. Guide Fed. Civ. Pro. Before Trial § 9:205 ("with limited exception, the court

---

[1] Plaintiff did not submit a photograph of the advertising template related to the Paintbrush. Defendant has submitted Exhibit A which Hobby Lobby represents to be the template for the relevant Paintbrush advertisement. As this information is not in the complaint and could be subject to reasonable dispute, the Court will not consider Exhibit A to the Webster Declaration (Advertisement Template for Paintbrush allegedly purchased by Plaintiff in use on March 1, 2017) at this stage.

6

cannot consider matters outside the pleadings in ruling on a Rule 12(b)(6) motion"); *Id.* § 9:234 ("the court can simply reject the extrinsic evidence, so your motion may be a wasted effort.").

Accordingly, the Court will consider Exhibit B as incorporated by reference into the Complaint, but will not consider the Webster Declaration and Exhibits A, C-E to the Declaration.

### b. Motion to Strike

The Court may strike from the Complaint any material that is "redundant, immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f). The function of a 12(f) motion is to avoid the expenditure of time and money that arises from litigating spurious issues by dispensing with those issues prior to trial. *See Fantasy v. Fogert*, 984 F.2d 1524, 1527 (9th Cir. 1993). Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded. Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question. *Id.* (internal citations omitted).

Defendant seek to strike Paragraphs 1-2 and 28 of the Complaint which argue that "comparative pricing" is inherently deceptive. MTD at 22. Paragraph 28 of the Complaint alleges that Hobby Lobby has marked its merchandise with a "Marked Price" which it intends to be an original price, thereby creating a perception of savings that enhances the perceived value of the product. Paragraphs 1-2 of the Complaint set forth Plaintiff's theory that a sham price disparity misleads customers into believing they are receiving a good deal. Compl. ¶ 1-2. These assertions are fundamental to plaintiff's legal claims that such advertisements are misleading and cannot reasonably be construed as redundant, immaterial, impertinent, or scandalous. *See, e.g.*, *Hinojos v. Koh's Corp.*, 718 F.3d 1098, 1105 (9th Cir. 2013) (including citations to article cited by plaintiff to describe the importance of an impression of savings and why advertisers use a higher reference price).

Further, Defendant seeks to strike Paragraphs 31-34 which describe an investigation

7

Plaintiff's counsel performed into Hobby Lobby's pricing. MTD at 20. Plaintiff's counsel allegedly catalogued the pricing practices at three Hobby Lobby retail stores in San Diego County (Chula Vista, La Mesa, and San Marcos) and has provided a chart detailing some of those findings including the item, price, % off, dates of discounting, and stores observed. Compl. ¶ 32. Plaintiff's investigation concludes that certain items were continuously discounted. *Id.* For example, Mr. Carpenter alleges that all Hobby Lobby photo frames were 50% off and were continuously discounted at that rate from January 13, 2017 until the date the complaint was filed on May 1, 2017.

Defendant points out that courts in this district have viewed Mr. Carpenter's investigations unfavorably. MTD at 20-21. A prior declaration filed by counsel in opposition to a motion to dismiss was questioned for potentially violating ethics rules. *See Rael v. New York & Co., Inc.* ("*Rael II*"), No. 16-cv-369-BAS-JMA, 2016 WL 7655247, at *7 n.2 (S.D. Cal. Dec. 28, 2016) (Bashant, J.) (cautioning counsel to "consider the Professional Ethical rule that prohibits an attorney from being a witness in his own case.") Another declaration did not sufficiently describe the investigation's methodology and reasserted conclusions already made in the complaint. *Rael v. Dooney & Bourke, Inc.* ("*Rael I*"), No. 16CV0371 JM(DHB), 2016 WL 3952219, at *3 (S.D. Cal. July 22, 2016) (Miller, J.) (finding declaration submitted by counsel to "add[ ] no facts or substance to Plaintiff's complaint"). In both cases, the reviewing court found that shortcomings in the complaint were not cured by declarations based upon attorney conducted investigations.[2] Here, the allegations based on the attorney conducted investigation are found in the Complaint. They are directed at the 90-day period preceding the Plaintiff's purchases to

---

[2] Plaintiff counsel's investigation in this case appears to be more detailed than that rejected in *Dennis v. Ralph Lauren Corp.*, 2016 WL 7387356 (S.D. Cal. Dec. 20, 2016) or in *Rael I*, 2016 WL 3932219 at *3. He has provided dates of discounting for specific products and specific store locations where he observed specific discounting practices with specific dates, and in some cases provided photographic evidence. Compl. ¶ 32.

support the claim that the "Marked" prices of the purchased items were not the prevailing market prices for the items and were thus continuously discounted former prices in violation of California's consumer protection statutes.

Defendant argues that the survey is "inadmissible and therefore immaterial and impertinent to the case." MTD at 20.  Defendant conflates a Rule 12(f) motion to strike allegations with a motion to strike evidence based on the rules of evidence. *See, e.g.*, *Henrikson v. Turbomeca, S.A.*, No. CV.S-06-1563-WBS-DAD, 2006 WL 3929541 (E.D. Cal. Dec. 13, 2006) (denying defendant's motion to strike based on theory that any facts inadmissible at trial must be stricken from complaint).  The fact that the survey may be inadmissible under the rules of evidence does not make it "immaterial" for purposes of a Rule 12(f) motion to strike.  Here, the survey relates to the Plaintiff's claims and is not redundant, immaterial, impertinent or scandalous.[3]

Accordingly, the Court **DENIES** Defendant's motion to strike.

### c.  Standing

#### i.  Standing to Bring Suit

The "irreducible constitutional minimum" of Article III standing requires that the plaintiff must have (1) suffered an injury in fact; (2) that is fairly traceable to the challenged conduct of the defendant; and (3) that is likely to be redressed by a favorable decision.

---

[3] In the face of a similar challenge to allegations in a complaint based upon Mr. Carpenter's investigation, Judge Sammartino in *Azimpour* found that the investigation could properly supplement the complaint observing that the investigation "serve[d] only as a potential key to open the doors of discovery" and that "the discovery revealed, then, rather than his counsel, would likely serve as the evidence confirming or denying the allegedly deceptive marketing ploys at Sears."  *See Azimpour v. Sears, Roebuck, and Co.*, No. 15-cv-2798-JLS-WVG, 2017 WL 1496255, at *8 (S.D. Cal. Apr. 26, 2017).  The Court agrees that the allegations based upon counsel's declaration are offered for a limited purpose, and that evidence developed though discovery will likely serve as the factual predicate for Plaintiff's claims.  Moreover, the allegations merely seek to provide fair notice of the nature of the claim and the grounds on which the claim rests.  To the extent that the allegations are deficient, their inadequacy should have been raised in Defendant's motion to dismiss.

17-cv-00881-GPC-BLM

*Spokeo v. Robins*, 136 S. Ct. 1540, 1547 (2016).

A plaintiff has standing to assert injury based on false advertising only if the plaintiff experienced injury stemming from the purchase of that product. *Granfield v. Nvidia Corp.*, No. C-11-0504JW, 2012 WL 2847575, at *6 (N.D. Cal. July 11, 2012); *Johns v. Bayer Corp.*, 2010 WL 476688, at *5 (S.D. Cal. Feb. 9, 2010). To establish standing, and to serve as a class representative under the UCL, FAL and CLRA, a plaintiff must allege that he or she suffered an "injury in fact" and "has lost money or property" as a result of a defendant's alleged conduct. *See Carrea v. Dreyer's Grand Ice Cream, Inc.*, No. C 10-01044 JSW, 2011 WL 159380, at *2 (N.D. Cal. Jan. 10, 2011) (citing Cal Bus. & Prof. Code §§ 17204, 17535; Cal. Civ. Code § 1780(a)); *Bayer*, 2010 WL 476688, at *4.

Defendant argues that Plaintiff lacks standing because she has not suffered a concrete or particularized injury-in-fact. MTD at 3. Defendant asserts that "[a]s the advertisements were not deceptive, Plaintiff lacks standing." MTD at 12. In the alternative, Defendant asserts that Plaintiff lacks standing as to merchandise sold by Hobby Lobby that she did not purchase. MTD at 13.

Accepting as true the allegations that Plaintiff was misled because of Hobby Lobby's discounting scheme, Plaintiff would satisfy the injury-in-fact requirement for standing to pursue claims related to Defendant's paintbrush and photo frame products under the UCL, FAL and CLRA. Plaintiff would necessarily have lost money if she was misled into purchasing a product based on the belief that Hobby Lobby had previously sold that product at a higher "Marked" price. *See Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1107 (9th Cir. 2013), *as amended on denial of reh'g and reh'g en banc* (July 8, 2013) (holding that consumers who purchase merchandise on the basis of false price information and would not have purchased but for the misrepresentation have standing to sue under the UCL and FAL); *Carrea*, 2011 WL 159380, at *2 (citing *Germain v. J.C. Penney Co.*, 2009 WL 1971336, *6 (C.D. Cal. July 6, 2009)). Defendant's references to the *Spokeo* standard requiring "concrete and particularized" injury are inapposite—

monetary damage is concrete and Plaintiff has adequately alleged that she was affected

by the advertising in a "personal and individual way." *See Spokeo*, 136 S. Ct. at 1548.

Accordingly, the Court **DENIES** this portion of the Defendant's Motion to Dismiss.

### ii. Standing to Bring Claims for Items Purchased by Others

Defendant argues that Plaintiff lacks standing to bring claims on behalf of consumers

who purchased items that Chase did not purchase. MTD at 13. In short, Defendant argues

that Plaintiff's claims should only be limited to the products actually purchased—photo

frames and paintbrushes.

The Court acknowledges that the district courts are divided on the issue of whether

plaintiff's claims are limited to the products actually purchased. *Compare Carrea*, 2011

WL 159380, at *3 (finding no standing to bring claim for Dreyer's Dibs ice cream

product where plaintiff only purchased Dreyer's Drumsticks, but not Dreyer's Dibs);

*Bayer*, 2010 WL 476688, at *5 (plaintiff "cannot expand the scope of his claims to

include a product he did not purchase or advertisements relating to a product that he did

not rely upon"); *Nvidia*, 2012 WL 2847575, at *6 ("Accordingly, when a plaintiff asserts

claims based both on products that she purchased and products that she did not purchase,

claims relating to products not purchased must be dismissed for lack of standing.") *with*

*Azimpour*, 2017 WL 1496255, at *5 ("Plaintiff has standing to sue on behalf of

purchasers of other Sears items bearing in-store price tags similar to those relied upon by

Plaintiff, because he is challenging the pricing scheme, not the product."); *Branca v.*

*Nordstrom, Inc.*, No. 14cv2062-MMA-JMA, 2015 WL 10436858, at *5 (S.D. Cal. Oct. 9,

2015) (holding that plaintiff has standing to represent products not purchased when

differences across the products are of little import to the alleged misrepresentations);

*Chester v. TJX Companies, Inc*, 2016 WL 4414768, at *7 (C.D. Cal. Aug. 18, 2016) ("To

say that Plaintiff only has standing to sue on behalf [of] others who purchased a Jessica

Simpson handbag in a TJ Maxx store—and only a Jessica Simpson handbag—is to make

a mockery of the false advertising class action itself and based on such logic, a clear way

to burden an already overburdened judicial system.").

The Court finds *Azimpour*, *Branca* and *Chester* to be more persuasive.[4] These cases hold that plaintiffs have standing to sue on behalf of purchasers who were similarly misled by deceptive pricing schemes. Just as the Court found in *Azimpour* that "[t]his case is not about a pillow—it is about a price tag," the instant case is not about paintbrushes or photo frames, but rather a larger alleged deceptive pricing scheme. *See Azimpour*, 2017 WL 1496255, at *5. The Court in *Branca* similarly found that "it is immaterial whether one purchased a pair of shoes versus a hat, so long as the item bore a 'Compare At' tag . . . his claims relate to the consistent format of the tags, i.e., the juxtaposition of two prices, one higher than the other." *Branca*, 2015 WL 10436858, at *5. The *Chester* court emphasized judicial efficiency as a policy rationale to allow plaintiffs standing on behalf of purchasers of other products from a store. *Chester*, 2016 WL 4414768, at *7 ("No court wishes to become a pit of despair, whereby it must adjudicate a claim for each individual item on a TJ Maxx shelf in order to rectify an alleged UCL, FAL, or CLRA violation.")

Here, the unlawful pricing scheme was not limited to the two items purchased by Plaintiff. It allegedly was a business practice illegally employed by Defendant to draw customers, deceive customers and trigger purchases of various products. Limiting standing to the items actually purchased—in these circumstances—would ignore the nature of the scheme and lead to a multitude of actions raising essentially identical claims.

Therefore, at this juncture, the Court concludes that Plaintiff has standing on behalf of others who purchased Hobby Lobby products who were similarly misled by Hobby Lobby's in-store advertisements. Accordingly, the Court **DENIES** this portion of the

---

[4] On September 21, 2017, Plaintiff submitted a notice of supplemental authority in support of further opposition to Defendant's Motion to Dismiss. Dkt No. 13. There, Plaintiff cited to the recently decided case *Dennis v. Ralph Lauren Corp.*, 3:16-cv-1056-WQH-BGS, 2017 WL 3732103, at *7 (S.D. Cal. Aug. 29, 2017) which similarly relied on *Azimpour* and *Branca* to hold that plaintiff had standing to bring claims based on items not purchased.

17-cv-00881-GPC-BLM

Defendant's Motion to Dismiss.

**IV.    UCL, FAL, and CLRA Claims**

### a.  Legal Standards

#### i.  Rule 9(b)

With regard to claims sounding in fraud, Plaintiff must satisfy a "heightened" pleading standard that must "state with particularity the circumstances surrounding fraud." Fed. R. Civ. P. 9(b).  This means the Plaintiff must set forth the "who, what, where, and how" of the fraud alleged.  *Vess v. Ciba-Geigy Corp.* USA, 317 F.3d 1097, 1106 (9th Cir. 2003).  The heightened pleading standard applies to claims under the CLRA, UCL, and FAL.  *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009); *Rael II*, 2016 WL 7655247, at *5 (S.D. Cal. Dec. 28, 2016). "It is not enough . . . to simply claim that [an advertisement] is false—[the plaintiff] must allege facts showing ***why*** it is false." *Davidson v. Kimberly–Clark Corp.*, 76 F. Supp. 3d 964, 974 (N.D. Cal. 2014) (emphasis in original).

#### ii.  The Reasonable Consumer Test

To allege a claim under the UCL,[5] FAL,[6] and CLRA,[7] plaintiffs must allege that the

---

[5] California's UCL prohibits "any unlawful, unfair, or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200.  The UCL provides a separate theory of liability under the unlawful, unfair, and fraudulent prongs. *Stanwood v. Mary Kay, Inc.*, 941 F. Supp. 2d 1212, 1222 (C.D. Cal. 2012). Unfair competition under the UCL "expressly incorporates [California's] FAL prohibition on unfair advertising as one form of unfair competition." *Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1103 (9th Cir. 2013).

[6] California's FAL prohibits any "unfair, deceptive, untrue, or misleading advertising." Cal. Bus. & Prof. Code § 17500.  The FAL prohibition on unfair advertising states:

> No price shall be advertised as a former price of any advertised thing, unless the alleged former price was the prevailing market price . . . within three months next immediately preceding the publication of the advertisement or unless the date when the alleged former price did prevail is clearly, exactly and conspicuously stated in the advertisement.

Cal Bus & Prof. Code § 17501.

[7] California's CLRA outlaws "unfair methods of competition and unfair or deceptive practices acts or practices undertaken by any person in a traction intended to result . . . in the sale . . . of goods . . . to any

defendant's purported misrepresentations are likely to deceive a reasonable consumer. *See Reid v. Johnson & Johnson*, 780 F.3d 952, 958 (9th Cir. 2015) ("It is true that violations of the UCL, FAL, and CLRA are evaluated from the vantage point of a 'reasonable consumer.'"). A reasonable consumer is the "ordinary consumer acting reasonably under the circumstances." *Davis v. HSBC Bank Nevada*, 691 F.3d 1152, 1162 (9th Cir. 2012). A plaintiff must allege that the advertisement at issue has the "capacity, likelihood, or tendency to deceive or confuse the public." *Id.* "Likely to deceive implies more than a mere possibility that the advertisement might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner." *In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 903 F. Supp. 2d 942, 967 (S.D. Cal. 2012). Instead, the phrase likely to deceive "indicates that the ad is such that it is probable that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Id.*

In determining whether a statement is misleading, the primary evidence in a false advertising case is the advertising itself. *Azimpour*, 2017 WL 1496255, at *7 (citing *Bruton v. Gerber Products Co.*, 961 F. Supp. 2d 1062, 1092 n.20 (N.D. Cal 2013)). Courts have recognized that "[w]hether a practice is deceptive, fraudulent, or unfair is generally a question of fact which requires consideration and weighing of evidence from both sides and which usually cannot be made on [a motion to dismiss]." *Williams v. Gerber Products Co.*, 552 F.3d 934, 939 (9th Cir. 2008) (internal quotations removed).

**b. Analysis**

Plaintiff fails to meet Rule 9(b)'s pleading standards requiring particularity. While

---

consumer." Cal Civ. Code § 1770. The CLRA prohibits "[a]dvertising goods or services with intent not to sell them as advertised" and "[m]aking false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions." Cal Civ. Code § 1770(a)(9), (13).

her complaint provides sufficient detail as to the "who, what, when and where" of the alleged misconduct, Plaintiff has not adequately alleged the "how" of Defendant's alleged misconduct. *See Rubenstein v. Neiman Marcus Group LLC*, 687 Fed. App'x 564, 567 (9th Cir. 2017).

Plaintiff states that she purchased a Photo Frame and Paintbrush at the Hobby Lobby store in La Mesa (the "where"), on March 1, 2017 (the "when"). She also alleges that Hobby Lobby (the "who"), through its "Marked" prices and advertising placards (the "what"), misled customers. Compl. ¶ 13. As to the "how," Plaintiff alleges that the Photo Frame had a "Marked" price of $17.99 and that the frame was near a prominently displayed placard advertising "Photo Frames 50% OFF the Marked price" which led her to believe that the Photo Frame had previously been sold at Hobby Lobby for that price. *Id.* ¶ 14. As a result, she reasonably believed she was purchasing a Photo Frame with a value higher than the $8.99 price. *Id.* ¶ 15.

Plaintiff's allegations contain a critical omission—they do not address with specificity the advertising at issue in the case. *See* MTD at 16 (citing *Koehler v. Litehouse, Inc.*, 2012 WL 6217635, at *3 (N.D. Cal. Dec. 13, 2012) (courts should take into account the "context of the entire advertisement."). Here, Defendant has introduced, without objection, the placard which Plaintiff references in her Complaint. The placard reads "Photo Frames ALWAYS 50% OFF THE MARKED PRICE*" with the asterisk directing consumers to a disclaimer in smaller print stating: "DISCOUNTS PROVIDED EVERY DAY; MARKED PRICES REFLECT GENERAL U.S. MARKET VALUE FOR SIMILAR PRODUCTS." Webster Decl., Ex. B. Plaintiff does not plead whether or not she viewed any disclaimers on the advertisements or the details of the advertised disclosures, stating only in generalities that she "examined the representation on the placard[s], displaying the discounted sale percentage." *See* Compl. ¶¶ 15, 18. Plaintiff did not plead whether or not she saw the word "Always," whether she saw the "asterisk" next to the Marked price, the distance she viewed the advertisement from, or whether she even

read the disclaimer at issue. *See* Webster Decl., Ex. B; Compl. Ex. B. Plaintiff also purchased a Paintbrush with a "Marked Price" of $4.69 after viewing a placard advertising "Art Supplies 50% OFF the Marked Price." Compl. ¶ 18. Similarly, for the Paintbrush, Plaintiff only alleges that she saw a prominently displayed white placard with red and black print indicating "Art Supplies 50% the Marked Price." Compl. ¶ 17. She does not describe whether she saw any other potentially misleading phrases that may have been on the advertisement and did not include a picture of this advertisement.[8]

Plaintiff further describes "the how" of Defendant's alleged misleading scheme as utilizing advertisements to deceive consumers into the false belief that Defendant's products are discounted from an original price because they are marked with a price, then prominently advertised with a "__% off" sign. Compl. ¶ 24-25; 13-19. In fact, Plaintiff contends that Defendant's products are never offered for sale at an original price, but are *always* offered at a discounted price. *Id.*

Defendant argues (1) the Paintbrush was a legitimately discounted product that was actually on sale and had previously been offered at the higher marked price[9] and (2) the Photo Frame advertisement clearly disclosed that the Photo Frames were always on sale and were clearly marked with a disclaimer. *See* MTD at 17. Thus, Defendant argues that "[r]ead in context, Hobby Lobby's disclosures as to the photo frame is not likely to deceive." *Id.*

Plaintiff responds that the disclosures are likely to deceive and that the disclaimer must be viewed in the full context of the advertising scheme, arguing that: (1) the first

---

[8] Defendant has included a copy of the purported advertisement as Exhibit A to the Motion to Dismiss.
[9] This argument is inappropriate at this stage, where the Court must accept as true the facts alleged. Defendant points to "documentary evidence" contradicting the alleged facts. MTD at 15. *See, e.g.*, *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008) ("Review is limited to the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice."); *Rael I*, 2016 WL 3932219, at *3.

17-cv-00881-GPC-BLM

pricing representation consumers view is the Marked Price; (2) this view is reinforced by the advertising placards stating __% off the Marked Price; (3) consumers cannot be reasonably expected to disregard these unambiguous terms in light of a "barely visible" disclosure; and (4) the disclosure is deceptive in its own right by not adequately defining the "general U.S. market value for similar products." Opp. at 11-13. However, the Complaint does not allege that the disclosure was "barely visible" or that it was misunderstood because it was inadequately defined. As a result, Plaintiff's complaint does not take into account the "context of the entire advertisement." *See Koehler*, 2012 WL 6217635, at *3.

Consequently, Plaintiff does not adequately allege with the requisite specificity "how" the advertisements could be misleading to a reasonable consumer as she has failed to even discuss the words on the ads, and moreover did not plead how the disclaimers and other content on the ads may or may not have affected her purchasing decision. *See id.* (including phrases such as "AS ADVERTISED," "ALWAYS," an asterisk next to Marked Price, and the aforementioned disclaimer.) Any amended pleading should address the extent of plaintiff's examination of the placards with specificity. *See Sperling v. Stein-Mart, Inc.*, 2016 WL 8925347, at *8 (C.D. Cal. Jan. 26, 2016) (finding that plaintiff's failure to address asterisk on Defendant's price tags directing consumers to a fair pricing policy weighed in favor of finding plaintiff's alleged belief regarding pricing scheme was unreasonable)[10]; *Rael II*, 2016 WL 7655247, at *6 (finding that plaintiff failed to plead with particularity by failing to "give details as to what signs she relied on, what the signs said or looked like, or where they were located.").

---

[10] In a minute order, the Court in *Sperling* eventually denied defendant's motion to dismiss, finding that Plaintiff had sufficiently pled with particularity once plaintiff amended the complaint to address the asterisk and the "compare at" language. Dkt No. 41 at 7, Case No. 5:15-cv-1411-BRO-KK (C.D. Cal. Mar. 3, 2016).

17-cv-00881-GPC-BLM

Plaintiff's claims cannot advance past the pleading stage until they are pled with sufficient particularity. Accordingly, the Court **GRANTS** Defendant's Motion to Dismiss as to Plaintiff's UCL, FAL,[11] and CLRA claims with leave to amend.

## V.  Additional Arguments

While the Court grants the motion to dismiss as to the merits of the UCL, FAL, and CLRA claims, it will address other issues raised by Defendant at this stage.

### a.  Restitution (UCL and FAL)

Plaintiff seeks restitution under her UCL and FAL claims. Compl. ¶¶ 66, 73. Defendant argues that Plaintiff is not entitled to restitution because she failed to allege that she that she paid too much for the Photo Frame or the Paintbrush or that she could have purchased these or similar items for less elsewhere. MTD at 19. Plaintiff argues that restitution under the UCL and FAL is not limited to a calculation of price paid minus value received.

A Court awarding restitution under the California consumer protection laws has "very broad discretion to determine an appropriate remedy as long as it is supported by the evidence and is consistent with the purpose of restoring the plaintiff the amount that the defendant wrongfully acquired." *Astiana v. Kashi Co.*, 291 F.R.D. 493, 506 (S.D. Cal. 2013). Restitution under the UCL is consistently awarded with the goal of "restoring" plaintiffs with money wrongfully taken as a result of defendant's unlawful practices. *See Korea Supply Co.*, 29 Cal. 4th at 1147-48". Further, the "price to value method" does not set forth the exclusive measure of restitution available in a consumer fraud case. *Johns v.*

---

[11] Defendant asserts that Plaintiff's false advertising claim must allege that Hobby Lobby "knew or by the exercise of reasonable care" should have known that its advertising was false or misleading. MTD at 17 (citing Cal Bus. & Prof Code § 17500.) While this reflects the statutory language, California courts have held that the *intent of the disseminator* and knowledge of the customer are irrelevant and that the primary inquiry is whether "members of the public are likely to be deceived." *See People v. Overstock.Com, Inc.*, 12 Cal. App. 5th 426, 1085 (2017), *as modified* (June 23, 2017) (emphasis added).

*Bayer Corp.*, No. 09–CV–1935–AJB DHB, 2012 WL 1520030, at *5 (S.D. Cal. Apr. 30, 2012) (finding that California cases did not "suggest that the difference in price paid and value received is the only proper measure of restitution").

In *Le v. Kohls Dept. Stores, Inc.*, 160 F. Supp. 3d 1096, 1103-04 (E.D. Wis. 2016). the Court, analyzing California law, found that the failure to plead that a product was purchased at a price greater than their value was not fatal to the claim. *Le*, 160 F. Supp. 3d at 1106. Moreover, in *Le*, the court emphasized the importance of a full trial record, the benefits of discovery, and a complete evidentiary record in determining the proper measure of restitution in a case. *Id.* Accordingly, the Court found that these were "issues for another day." *Id.* at 1107.

The Court finds *Le* persuasive and finds that it is premature at the motion to dismiss stage to define the parameters of a restitution claim.[12]  *See Le*, 160 F. Supp. 3d at 1107. Accordingly, the Court **DENIES** the motion to dismiss on this ground.

### b. CLRA Notice

Defendant raises for the first time on Reply that Plaintiff's CLRA claim should be dismissed for failure to provide adequate notice under Section § 1782. Reply at 10. In its motion to dismiss, Hobby Lobby argued that Plaintiff's CLRA claim was barred by Section

---

[12] Defendant's citation to *Hall v. Time,* 158 Cal.App.4th 847, 854-55, 70 Cal.Rptr.3d 466 (2008) is inapposite. There, the court found that plaintiff did not suffer injury because he expended money but "received a book in exchange" and "did not allege he did not want the book, the book was unsatisfactory, or the book was worth less than what he paid for it." Here, plaintiff alleges that she believed the Photo Frame and Paintbrush had "value[s] significantly higher" than the price she actually paid. Compl. ¶ 15, 18. Similarly, *Koh v. S.C. Johnson & Son, Inc.*, No. C-09-00927 RMW, 2010 WL 94265, at *2 (N.D. Cal. Jan. 6, 2010), states that being induced to purchase a product one would not otherwise have purchased is not loss of money or property "so long as one still receives the benefit of the bargain." Defendant, who alleges that *Koh* is essential authority, fails to mention *Koh's* holding that plaintiff sufficiently alleged that "he *did not receive* the benefit of the bargain because Windex cost more than similar products without misleading labeling." (emphasis added). Here, plaintiff did not receive the benefit of the bargain for the product if the Photo Frame and Paintbrush had lower values than she was led to believe.

17-cv-00881-GPC-BLM

1780(d)'s affidavit requirement which states: "In any action [under the CLRA], concurrently with the filing of the complaint, the plaintiff shall file an affidavit stating facts showing that the action has been commenced in a county described in this section as a proper place for the trial of the action. If a plaintiff fails to file the affidavit required by this section, the court shall, upon its own motion or upon the motion of any party, dismiss the action without prejudice." MTD at 20 n.1; Cal. Civ. Code § 1780(d). In her opposition, Plaintiff argued that she mailed a CLRA letter on May 1, 2017, the same day the complaint was filed and that Plaintiff was seeking only injunctive relief.

The CLRA provides for the following remedies: (1) "[a]ctual damages"; (2) injunctive relief; (3) "[r]estitution of property"; (4) "[p]unitive damages"; and (5) "[a]ny other relief that the court deems proper." Cal. Civ.Code § 1780(a). Section 1782(a) of the CLRA provides a thirty-day pre-filing notice requirement for "an action for damages." Cal. Civ.Code § 1782(a). Sections 1782(b) and (c) provide that an "action for damages" may not be maintained if the potential defendant takes certain corrective action in response to the notice. *Id.* §§ 1782(b), (c). Section 1782(d) provides:

> An action for injunctive relief brought under the specific provisions of Section 1770 may be commenced without compliance with subdivision (a). *Not less than 30 days after the commencement of an action for injunctive relief*, and after compliance with subdivision (a), the consumer may amend his or her complaint without leave of court to include a request for damages. The appropriate provisions of subdivision (b) or (c) shall be applicable if the complaint for injunctive relief is amended to request damages.

*Id.* § 1782(d) (emphasis added).

Plaintiff's Complaint states that "[p]ursuant to Section 1782(a) of the CLRA, on May 1, 2017, Plaintiff's counsel notified Hobby Lobby in writing by certified mail of the particular violations of § 1770 of the CLRA and demanded that it rectify the problems associated with the actions detailed above and give notice to all affected consumers of

20

Hobby Lobby's intent to act." Compl. ¶ 77. Plaintiff further stated "[i]f Hobby Lobby fails to respond to Plaintiff's letter, fails to agree to rectify the problems associated with the actions detailed above, or fails to give notice to all affected consumers within 30 days of the date of written notice, as proscribed by Section 1782, *Plaintiff will move to amend her Complaint to pursue claims for actual, punitive, and statutory damages*, as appropriate against Hobby Lobby. As to this cause of action at this time, Plaintiff seeks only injunctive relief." Compl. ¶ 78 (emphasis added). Defendant argues that plaintiff is artificially only seeking injunctive relief at this time as a "mere artifice to survive a motion to dismiss." Reply at 10.

The Court observes that Plaintiff has yet to amend her complaint to seek these damages and that the primary purpose of the notice requirement is to incentivize pre-suit resolutions and not to incentivize dismissals with prejudice. *See Morgan v. AT&T Wireless Servs., Inc.*, 177 Cal. App. 4th 1235, 1261 (2009) (allowing plaintiffs to file third amended complaint adding damages claim when plaintiffs initially sought only injunctive relief). Given that Plaintiff's CLRA claim does not contain a damages claim at this time, the Court will deny Defendant's motion to dismiss based on a failure to provide adequate notice. If Plaintiff does not file an Amended Complaint within thirty days, her CLRA claim will be limited to injunctive relief.[13]

Accordingly, the Court **DENIES** Defendant's Motion to Dismiss the CLRA claim on this basis.

## VI. Leave to Amend

Federal Rule of Civil Procedure 15 provides that courts should freely grant leave to amend when "justice so requires." Fed. R. Civ. P. 15(a). Accordingly, "leave to amend

---

[13] The Court observes that Plaintiff sent the required notice (Opp. at 18 n.4) on May 1, 2017, the date the complaint was filed.

17-cv-00881-GPC-BLM

should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (internal quotation marks omitted). Amendment may be denied, however, if amendment would be futile. *See id.* The Court finds that amendment would not be futile in this case and grants leave to amend.

## CONCLUSION AND ORDER

For the foregoing reasons, the Court hereby **GRANTS** Defendant's Motion to Dismiss in Part and **DENIES** the Motion in Part. Further, the Court **DENIES** the Defendant's Motion to Strike. If Plaintiff chooses to file an amended complaint, she must do so no later than **Thirty Days** after this Order is docketed.

**IT IS SO ORDERED**.

Dated: October 2, 2017

Hon. Gonzalo P. Curiel
United States District Judge

17-cv-00881-GPC-BLM